<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

ERIC A. JUROVITSKY,

                Plaintiff,

                v.

LAKEWOOD MUNICIPAL POLICE
DEPARTMENT,

                Defendant.

Civil Action No. 25-16056 (ZNQ) (RLS)

**OPINION**

<u>**QURAISHI, District Judge**</u>

       **THIS MATTER** comes before the Court upon four Motions: (1) a Motion to Appoint Pro Bono Counsel filed by *pro se* Plaintiff Eric Jurovitsky ("Plaintiff") (ECF No. 5); (2) a Motion for Removal of Police Blotter Content filed by Plaintiff (ECF No. 6); (3) a Motion to Dismiss filed by Defendant Lakewood Municipal Police Department ("Defendant" or "Lakewood Police") (ECF No. 14); and (4) a second Motion to Appoint Pro Bono Counsel filed by Plaintiff (ECF No. 15). Plaintiff did not file an Opposition to Defendant's Motion to Dismiss. Plaintiff's Motions were also unopposed.

       The Court has carefully considered the parties' submissions and decides the Motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **GRANT** Defendant's Motion to Dismiss and **DENY** all of Plaintiff's Motions.

## I.    BACKGROUND AND PROCEDURAL HISTORY

### A.    Procedural History

On September 24, 2025, Plaintiff filed his initial Complaint.  (ECF No. 1.)  Along with the Complaint, Plaintiff filed an application to proceed *in forma pauperis* ("IFP").  (ECF No. 1-2.)  That same day, he filed an Amended Complaint ("FAC").  ("FAC," ECF No. 4.)  On October 4, 2025, Plaintiff filed a Motion to Appoint Pro Bono Counsel.  (ECF No. 5.)  Five days later, on October 9, 2025, Plaintiff filed a Motion for Removal of Police Blotter Content from Internet.  (ECF No. 6.)

On October 27, 2025, the Court granted Plaintiff's IFP application and ordered the U.S. Marshal to serve a copy of the complaint and summons on Defendant.  (ECF No. 10.)  Thereafter, Defendant filed a Motion to Dismiss.  (ECF No. 14.)  Defendant filed a Memorandum of Law in support of its Motion.  ("Moving Br.," ECF No. 14-1.)  On December 23, 2025, Plaintiff filed a second Motion to Appoint Pro Bono Counsel.  (ECF No. 15.)

### B.    Background

As alleged, Plaintiff was arrested by Lakewood Police and subsequently charged with a drug related offense.  (FAC at 3.)[1]  Although it is not entirely clear, it appears that the Lakewood Police publicly posted details of his arrest on the internet.  (*Id.*)  Plaintiff was later found not guilty. (*Id.*)

Plaintiff now asserts that Lakewood Police has refused to remove the post from the internet, despite Plaintiff being found not guilty of the criminal charges against him.  (*Id.*)  Plaintiff allegedly asked Lakewood Police to delete the post, and although they initially agreed, they ultimately refused to remove it from Facebook and Instagram.  (*Id.*)  According to Plaintiff, the

---

[1] Plaintiff used the district's form complaint that lacks numbered paragraphs.  The Court therefore cites to the FAC by reference to its page numbers.

post is inaccurate because he was found not guilty.  (*Id.*)  Plaintiff alleges that he was fired from his job, had two job offers rescinded, had to go on COBRA benefits, and has been unable to obtain employment as a result of the post.  (*Id.*)

Although not expressly stated, because the FAC asserts a "civil right violation" the Court construes Plaintiff's claim as being brought pursuant to 42 U.S.C. § 1983.  Specifically, Plaintiff alleges that Defendant violated N.J. Admin. Code § 13:59-2.4, thereby infringing upon his civil rights.  Plaintiff seeks damages of $208,000 in "lost salary, medical expenses [and] hardships."[2]

## II.    <u>SUBJECT MATTER JURISDICTION</u>

The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## III.    <u>LEGAL STANDARD</u>

A district court may grant a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  When considering a motion under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (citation modified).

Thus, to survive a motion to dismiss, the complaint must contain sufficient factual allegations to raise a plaintiff's right to relief above the speculative level, so that a claim "is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)).  The court may, however, ignore legal conclusions or factually

---

[2] Although not explicitly stated, the Court infers that Plaintiff also seeks removal of his reported arrest from Lakewood Police's social media.

unsupported accusations that merely state the defendant unlawfully harmed me. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

"[A] pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers . . . .'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  Because Plaintiff brings this action *pro se*, the Court will liberally construe the FAC and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)).

## IV.    <u>DISCUSSION</u>

To state a claim for relief under § 1983, a plaintiff must allege (1) a violation of a right secured by the Constitution or laws of the United States and, (2) that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir. 1994).  As set forth above, "[t]he first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

Here, Plaintiff's explicit § 1983 claim rests on N.J. Admin. Code 13:59-2.4(b).  (FAC at 2.)  Because Plaintiff's claim is based on state law, not on the Constitution or federal law, he cannot state a § 1983 claim.  His § 1983 claim on the N.J. Admin. Code must therefore be **DISMISSED WITH PREJUDICE**.  *See Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (holding that a § 1983

claim must be based on the violation of a federal constitutional or statutory right by a state actor); *Iwanicki v. Pa. Dept. of Corrections*, 582 F. App'x 75, 80 (3d Cir. 2014) (dismissing a plaintiff's § 1983 claim that was based on state law).

To the extent Plaintiff's § 1983 claim could be construed as one asserting a violation of the Due Process Clause of the 14th Amendment, it also fails for the reasons set forth below. "To make out a due process claim for deprivation of a liberty interest in reputation, [the plaintiff] must show a stigma to his reputation *plus* deprivation of some additional right or interest." *Dondero v. Lower Milford Township*, 5 F.4th 355, 360 (3d Cir. 2021) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006)) (citation modified). The Third Circuit refers to this as the "stigma-plus" test. *Id.* Under the "stigma" prong, the plaintiff must allege that the stigmatizing statements were both "public" and "false." *Id.* For the "plus" prong, the plaintiff must "allege an alteration or extinguishment of an interest protected by the Constitution or state law." *See Cooley v. Barber*, Civ. No. 07-3327, 2007 WL 2900550, at *1 (3d Cir. Oct. 4, 2007). "While the Supreme Court has recognized the severity of depriving a person of the means of livelihood in the public employment context, neither the Supreme Court nor any other Court of Appeals has recognized a protected interest in private employment." *Id.* at *2.

Relatedly, a § 1983 claim against a municipality may only proceed in two ways: (1) "plaintiff may put forth that an unconstitutional policy or custom of the municipality led to his or her injuries, or [(2)] that they were caused by a failure or inadequacy by the municipality that 'reflects a deliberate or conscious choice.'" *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019) (quotation omitted).

The Supreme Court of the United States addressed the issue of municipal liability in *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658 (1978). Under *Monell*,

municipalities are considered persons subject to liability under § 1983 for violations of civil rights caused by municipal officials.[3]  *See id.* at 690.  However, a municipality cannot be considered liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.  *See id.* at 694.  Thus, under *Monell*,

> a local government may not be sued under § 1983 for an injury inflicted solely by its employee or agents. Instead it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Id.*

The Supreme Court further articulated that local governments "may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels."  *Id.* at 690–91.  Notably, Congress included the term "custom" in 28 U.S.C. § 1983 "because of the persistent and widespread discriminatory practices of state officials . . . .  Although not authorized by written law, such practices of state officials could well be so permanent and well settled as to constitute a 'custom or usage' with the force of law."  *Id.* at 691 (quoting *Aidekes v. H.S. Cress & Co.*, 398 U.S. 144 (1970)).

Thus, a litigant seeking to impose liability on a municipality under § 1983 must plead sufficient facts to demonstrate that such a custom or policy caused the constitutional violation at issue in order to obtain a judgment against a municipality.  *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 817 (1985); *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003) ("In order for [the municipality] to be liable, the [plaintiff] must provide evidence

---

[3] In New Jersey, a municipal police department is not an entity separate from the municipality.  *See Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) (holding that a police department and municipality are the same for § 1983).

that there was a relevant [municipal] policy or custom, and that the policy caused the constitutional violation they allege."). To sustain a § 1983 claim against a municipality, "at the very least, there must be an affirmative link between the policy [or custom] and the particular constitutional violation alleged." *Tuttle*, 471 U.S. at 823. Further, it is insufficient for a plaintiff's allegations to be "wholly conclusory without one tidbit of factual support." *Kilagriff v. Strunk*, Civ. No. 18-10120, 2019 WL 1434763, at *5 (D.N.J. Mar. 31, 2019). Rather, a plaintiff must "back[] up his claims with facts, which, when accepted as true, provide[] support as to the plausibility of his *Monell* claims." *Id.*

Here, Plaintiff's implied § 1983 claim based on a Due Process violation fails for multiple reasons. First, the FAC is completely devoid of any "policy" or "custom" that is practiced by the Lakewood Police. As a result, there are no allegations linking a policy or custom with the alleged due process violation. Thus, under *Monell*, Plaintiff has failed to allege facts to hold Defendant liable under § 1983.[4]

Second, even if Plaintiff had brought a claim against a government official other than a municipality, his due process claim would fail as a matter of law. All Plaintiff asserts is that the Blotter "was not factual." (FAC at 3.) However, there are no details about what the statement was or why it is allegedly false. Such a conclusory allegation is insufficient to state a claim for relief. *Zucal v. Cnty. of Lehigh*, 660 F. Supp. 3d 334, 349 (E.D. Pa. 2023) (holding that a complaint that failed to allege the substance of the statements, who made the statements, and when or where the statements were made, was insufficient to establish that the statements were false and defamatory

---

[4] Plaintiff's civil cover sheet selected a violation of the First Amendment as the basis of his claim. (ECF No. 4-1.) The Court infers Plaintiff selected it based on the Lakewood PD's assertion of the First Amendment in its response to his requests. Instead, the Court addresses Plaintiff's claim as an implied due process claim, construing the allegations in the FAC as more properly arising under that purported constitutional violation rather than under the First Amendment.

7

under the "stigma" prong). Generally speaking, the fact that Plaintiff was later found not guilty does not make the fact that he was arrested false. *See Dondero*, 5 F.4th at 361 (holding that publication of statement that was not false failed the "stigma" test).

Moreover, even assuming Plaintiff adequately pled the "stigma" prong of his due process claim, he has failed to satisfy the "plus" prong. Injury to his reputation is insufficient because "reputational harm alone is not a right protected by the Constitution." *See Paul v. Davis,* 424 U.S. 693, 712 (1976) (holding that "[t]he interest in reputation ... is neither 'liberty nor 'property' guaranteed against state deprivation without due process of law"). Plaintiff does allege that he was fired from his job and has been unable to obtain employment, but it is not clear whether Plaintiff was employed by a state or local agency, or whether he was employed by a private entity. Without such information, the Court cannot determine whether Plaintiff has alleged an "alteration or extinguishment of an interest protected by the Constitution or state law." *Cooley*, 2007 WL 2900550, at *1; *see also Ramnana v. Keiffer*, Civ. No. 20-12747, 2021 WL 2680186, at *9–10 (D.N.J. June 30, 2021) (dismissing § 1983 due process claim where the plaintiff only alleged the loss of private employment). Accordingly, to the extent Plaintiff brings a § 1983 claim based on a Due Process violation, it will be **DISMISSED WITHOUT PREJUDICE**.[5]

## V.    CONCLUSION

For the reasons stated above, the Court will **GRANT** Defendant's Motion. Plaintiff's claim based on N.J. Admin. Code 13:59-2.4(b) will be **DISMISSED WITH PREJUDICE**. However, Plaintiff's claim based on a violation of the 14th Amendment's Due Process clause will be **DISMISSED WITHOUT PREJUDICE**. Plaintiff will be given 30 days from the date of this

---

[5] Because Plaintiff has failed to adequately state a claim upon which relief can be granted, his Motions to Appoint Pro Bono Counsel (ECF Nos. 5, 15) and his Motion for Removal of Police Blotter will be **DENIED**. *See Biton v. United States*, Civ. No. 17-1764, 2019 WL 981648, at *2 (D.N.J. Feb. 28, 2019); *Edwards v. Hartman*, Civ. No. 19-22216, 2020 WL 4670930, at *3 (D.N.J. Aug. 12, 2020).

Opinion to file a Second Amended Complaint, limited to remedying the deficiencies identified herein as to the § 1983 claim based on a violation of Due Process.[6]  Plaintiff's remaining Motions (ECF Nos. 5, 6, 15) will be **DENIED**.  An appropriate Order will follow.

Date: May 15, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

---

[6] Although it is not clear whether the process might address a mere arrest rather than a conviction, Plaintiff may also wish to contact the New Jersey Office of the Public Defender to pursue an application to expunge a criminal record. *See* https://www.nj.gov/defender/services/expungements/.

9